FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 23 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01821-BNB

ERNEST T. STANTON,

    Plaintiff,

v.

ATTORNEY GENERAL OF THE STATE OF MICHIGAN BILL SCHUETTE,

    Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Ernest T. Stanton, a Colorado resident, initiated this *pro se* action by filing what he characterizes as a "Child Support and Arrears" complaint. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court must construe Mr. Stanton's filings liberally because he is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Stanton will be ordered to file an amended complaint.

The Court has reviewed the complaint filed by Mr. Stanton and finds that it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See**

*Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Stanton fails to assert jurisdiction, alleging instead that this is a "multi jurisdictional" case. Complaint at 2. In addition, the complaint is vague. Mr. Stanton asserts claims without any supporting factual allegations. His claims are of illegal search and seizure of personal property and specifically his Supplemental Security Income (claim one), "lack of jurisdiction" and "statute of limitations" (claim two), complaint at 4, and due process and equal protection violations (claim three).

In his discussion of the background of this case, he alleges that he and Deborah Brantley were married after she gave birth to a child, he moved to California in October 1979, he had no way of knowing whether she was pregnant, they divorced in November 1979, and he had no knowledge of a child support order to divorce decree requesting child support. As relief, he asks for enforcement of the original court order as to

2

maintenance, a stay of any further collections until the resolution of this case, and money damages.

Mr. Stanton fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Therefore, Mr. Stanton will be directed to file an amended complaint that complies with the pleading requirements of Rule 8. To state a claim in federal court, the amended complaint must explain what each defendant did to him, when the defendant did the action, how the action harmed him, and what specific legal right he believes the defendant violated. **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007).

The reason or reasons Mr. Stanton is suing Bill Schuette, the attorney general of the State of Michigan, are unclear to the Court. Mr. Stanton must allege specific facts in his amended complaint that demonstrate how each named defendant personally participated in the asserted constitutional violations. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Stanton must name and show how each individual caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that he or she causes.

3

*See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).

Mr. Stanton may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Stanton uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Finally, the United States Supreme Court has stated that "'[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.'" *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (quoting *Ex Parte Burrus*, 136 U.S. 586, 593-94 (1890)). Consequently, federal courts do not have diversity jurisdiction over divorce and alimony decrees and child custody orders. *Ankenbrandt*, 504 U.S. at 703. In addition, venue appears to be improper because Mr. Stanton is suing a Michigan resident. See 28 U.S.C. § 1391.

Accordingly, it is

ORDERED that Plaintiff, Ernest T. Stanton, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that Mr. Stanton shall obtain the Court-approved complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Stanton fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed.

DATED at Denver, Colorado, this 23rd day of August, 2011.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01821-BNB

Ernest T Stanton
172 N College Ave #4F
Fort Collins, CO 80524

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on August 23, 2011.

                               GREGORY C. LANGHAM, CLERK

                              By: _____
                                        Deputy Clerk