IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01821-BNB

ERNEST T. STANTON,

    Plaintiff,

v.

WAYNE COUNTY FOC,

    Defendant.

ORDER OF DISMISSAL

    Plaintiff, Ernest T. Stanton, a Colorado resident, initiated this action **pro se** by filing what he characterized as a "Child Support and Arrears" complaint. He was granted leave to proceed **in forma pauperis** pursuant to 28 U.S.C. § 1915. On August 23, 2011, Magistrate Judge Craig B. Shaffer ordered Mr. Stanton to file within thirty days an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On September 26, 2011, Mr. Stanton filed an amended complaint.

    The Court must construe Mr. Stanton's filings liberally because he is a **pro se** litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a **pro se** litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the amended complaint will be dismissed.

    Like the complaint he originally filed, Mr. Stanton's amended complaint is

confusing. He appears to assert diversity jurisdiction pursuant to 28 U.S.C. § 1332, as well as federal question jurisdiction pursuant to 28 U.S.C. § 1331, although a portion of his jurisdictional statement is illegible because of the poor quality of his faxed amended complaint. The entity Mr. Stanton named as Defendant, to which he refers by the acronym "FOC," is unclear, although "FOC" appears to refer to "Friend of Court." In any event, the Court simply is unable to piece his disjointed allegations into a coherent complaint. For example, he alleges that the FOC in Wayne County, Michigan, violated his right not to have his wages attached in 2001. He further alleges that Defendant perpetrated a fraud on a Wayne County court by mailing a 2007 notification of a lien placed on his bank account to an address where he never lived and of which he had not heard. He also makes unintelligible allegations concerning a child support order. His request for relief is incomprehensible.

The amended complaint filed by Mr. Stanton fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. As Magistrate Judge Shaffer informed Mr. Stanton in the August 23 order for an amended complaint, the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. **See TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), **aff'd**, 964 F.2d 1022 (10th Cir. 1992). Magistrate

Judge Shaffer also informed Mr. Stanton that Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." He explained that the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." He further explained that, taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Magistrate Judge Shaffer warned Mr. Stanton that, if he failed to file an amended complaint that complied with the August 23 order to the Court's satisfaction within the time allowed, the amended complaint and the action would be dismissed without further notice. The Court finds that the amended complaint does not comply with the pleading requirements of Fed. R. Civ. P. 8 and the directives of the August 23 order for an amended complaint. A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. **See Atkins v. Northwest Airlines, Inc.**, 967 F.2d 1197, 1203 (8th Cir. 1992); **Gillibeau v. City of Richmond**, 417 F.2d 426, 431 (9th Cir. 1969). Therefore, the amended complaint and the action will be dismissed for failure to comply with the pleading requirements of Fed. R. Civ. P. 8.

To the extent the Court is able to understand Mr. Stanton's allegations, there appear to be additional problems with the amended complaint. If Mr. Stanton is attempting to challenge state court proceedings still in progress, the Court would have to decline to exercise subject matter jurisdiction pursuant to **Younger v. Harris**, 401

U.S. 37 (1971). Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state proceedings. *See Younger*, 401 U.S. at 44; *Phelps v. Hamilton*, 59 F.3d 1058, 1063-64 (10th Cir. 1995).

If Mr. Stanton is attempting to seek review by this Court of a state court judgment, the Court would also lack subject matter jurisdiction. Federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

It also appears that the Court lacks personal jurisdiction over the named Defendant, which is located in Michigan, and that venue is not proper in the District of Colorado. Under 28 U.S.C. § 1391, the statute that provides for venue, paragraph (b)

states that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

The only named Defendant does not reside in the District of Colorado, nor does Mr. Stanton allege that a substantial part of the events or omissions giving rise to his claims occurred in the District of Colorado, or a substantial part of the property that is the subject of the action is situated in the District of Colorado.

Finally, as Magistrate Judge Shaffer informed Mr. Stanton in the August 23 order for an amended complaint, the United States Supreme Court has stated that "'[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.'" **Ankenbrandt v. Richards**, 504 U.S. 689, 703 (1992) (quoting **Ex Parte Burrus**, 136 U.S. 586, 593-94 (1890)). Consequently, federal courts do not have diversity jurisdiction over divorce and alimony decrees and child custody orders. **Ankenbrandt**, 504 U.S. at 703.

Accordingly, it is

ORDERED that the amended complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure

of Plaintiff, Ernest T. Stanton, to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and the directives of the August 23, 2011, order for an amended complaint.

DATED at Denver, Colorado, this  15th  day of    November   , 2011.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court